*Compiler / law library*

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | Civil Case No. CV0471-07 |
| Plaintiffs. | |
| vs. | DECISION AND ORDER: Plaintiffs' Motion for Leave to File Fourth Amended Complaint |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, Deceased and PETER F. PEREZ, | |
| Defendants. | |
| | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995 | |
| Intervenor Plaintiffs. | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants, | |
| And | |
| GLORIA C. SHOLING, | |
| Third-Party Defendant. | |

## INTRODUCTION

This matter came before the Court on the Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Attorney Wayson W.S. Wong represented Plaintiffs Rosario Bautista and Manuel Sholing. Defendant Francisco Torres and Plaintiff-Intervenors Daniel U. Torres and Barbara DeMello were represented by Attorneys Michael Phillips and Daniel J. Berman. Attorney David A. Mair appeared for Defendant Peter Perez. Following the hearing on July 28, 2010, the Court took the matter under advisement. Upon review of the evidence, written

## DISCUSSION

Plaintiffs seek leave from this Court in order to make amendments to their complaint for a fourth time. Specifically, Plaintiffs seek to bolster standing by re-characterizing themselves as trustees of a revocable living trust. Plaintiffs' Motion for Leave to File Fourth Amended Complaint, at 2-4 (May 12, 2010). Further, they attempt to allege harms more specifically, increase the amount of damages sought, and make various changes as to form. *Id.* at 4-9. Defendants and Plaintiff Intervenors oppose leave to amend. They claim that such amendment would prejudice them by changing the nature of the parties and would be futile due to incurable statute of limitations issues. *See* Defendant Peter F. Perez's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint, CV0471-07 at 9-12 (Jul. 14, 2010); Plaintiff Intervenors' Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint, CV0471-07, at 6-10 (July 14, 2010). Further, they claim that Plaintiffs have already been given multiple opportunities to amend the complaint and their inability to correct defects justifies denial of the motion. Defendant Peter F. Perez's Opposition, at 3-9; Plaintiff Intervenors' Opposition at 10-11. Finally, Defendant Perez argues that the existence of the motion for summary judgment weighs heavily against allowing leave to amend. *Id.* at 2-3. For the reasons below, the Court agrees.

Guam Rule of Civil Procedure 15 defines the appropriate standard for granting leave to amend a pleading after the first modification: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." G.R.C.P. 15. This rule is based on Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15 (a) (2). Thus, the Court may look to relevant federal case-law when interpreting a Guam statutory rule that closely tracks a federal procedural rule. See *Farmer v. Slotnick*, 1996 WL 104527.

These rules state that "leave shall be freely given when justice so requires." *Id.* Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969). A court may deny leave to amend a complaint because of "undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981). (citing Foman, 371 U.S. at 182). Discretion to deny amendment is particularly broad where, as here, "the court has already given a plaintiff one or more opportunities to amend his complaint" *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

**Futility**

An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In this case, the amendment sought by Plaintiff would most certainly be futile. A case in which neither the complaint nor the motion for leave to amend was filed within the limitations period is by definition futile, since all claims are barred. *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005). Here, this Court has already granted Defendant's motion for summary judgment based on the fact that the statute of limitations for the causes of action sought had run prior to the commencement of Plaintiffs' suit. *See* Decision and Order, Defendant Perez's Motion for Summary Judgment, CV0471-07 (Apr. 17, 2013). As this defect has not been cured by Plaintiffs' proposed changes and cannot be cured

by any subsequent changes, leave to amend would be futile to adjudication and the court may deny it.

## Prejudice

Though futility alone is sufficient to deny the motion, this Court must also refuse leave to amend because it would result in substantial prejudice towards the defendant. This is the most important and heavily weighed factor in determining whether amendment is appropriate. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981). Federal case-law holds that a Court may not grant leave to amend after defendants have made a successfully dispositive motion. *Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D. N.C. 1987) ("To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendants"); *Union Planters National Leasing*, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982)("after summary judgment has been granted, the court has more reason for refusing to allow amendment"). Thus, once a court has decided a dispositive motion not based upon an issue which a plaintiff seeks to amend, the prejudice resulting from amendment to the complaint renders modification impossible. *Kartman v. Markle*, 5:10CV106, 2013 WL 4829314 (N.D.W. Va. Sept. 10, 2013) (citing *Forstmann* 114 F.R.D. at 88). As discussed, this Court has already granted a dispositive motion for summary judgment based upon an incurable violation of the statute of limitations. Additionally, the mere fact that there were many previous efforts to amend may be sufficient to demonstrate prejudice. *Abels*, 229 F.R.D. at 156 (citing *Mir*, 646 F.2d at 347). Accordingly, further amendment is unduly prejudicial to the Defendants and therefore, Plaintiffs' request must be denied.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES the Plaintiffs' Motion for Leave to File Fourth Amended Complaint.

**SO ORDERED** this _7th_ day of <u>FEBRUARY</u>, 2014.

<u>Katherine A. Maraman</u>
HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 7 - 2014

Therese M. Blas
Deputy Clerk, Superior Court of Guam